FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10608 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02456-NVW |
| v. | |
| GILBERTO FERNANDEZ-AISPURO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Gilberto Fernandez-Aispuro appeals from the district court's judgment and

challenges the 51-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C.

§ 846; and possession with intent to distribute marijuana and aiding and abetting,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fernandez-Aispuro contends that his sentence is substantively unreasonable because the district court placed too much emphasis on the advisory Sentencing Guidelines, this was his first felony conviction, and his immigration status rendered him ineligible for the Bureau of Prisons' drug treatment program. The district court did not abuse its discretion in imposing Fernandez-Aispuro's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense, the need to protect the public, and the need to provide adequate deterrence. *See id*.

**AFFIRMED.**